# Judge Hellerstein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



_____

INDYMAC BANK, F.S.B.,

                Plaintiff,

     – against –

STEWART TITLE INSURANCE COMPANY,

             Defendant.

_____

Case No.:

**COMPLAINT WITH JURY DEMAND**



Plaintiff IndyMac Bank, F.S.B., by its attorneys, for its Complaint, alleges as follows:

## Parties

1.     Plaintiff IndyMac Bank, F.S.B. ("IndyMac") is a federal savings bank, maintaining a principal place of business at 155 North Lake Avenue, Pasadena, California 91101.

2.     On information and belief defendant Stewart Title Insurance Company ("Stewart") is a domestic corporation and is a duly licensed title insurance company engaged in the business of issuing title insurance policies in the State of New York and has an office at 300 E. 42nd Street, 10th Floor, New York, New York 10017.

## Jurisdiction and Venue

3.     This court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a) because IndyMac, a citizen of the State of California pursuant to 12 U.S.C. §§ 1462(5) and 1464(x), and the defendant is a citizen of different state, and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

4.     Venue in this court is proper under 28 U.S.C. § 1391(a).

**Facts**

5.      IndyMac is in the business of purchasing residential mortgage loans.

6.      Upon information and belief Residential Home Funding Corp. ("RHF") is a domestic corporation and is in the business of originating and funding residential mortgages.

7.      Upon information and belief, RHF agreed to make a purchase-money loan in the amount of $480,000.00 to a borrower named Ricardo Mohammed ("Mohammed").

8.      The loan was to be secured by a mortgage in the subject premises known as 643 East 59th Street, Brooklyn, New York, then-owned by Adolphus Marshall and Patricia Marshall (the "Marshalls").

9.      Upon information and belief, at the closing on or about April 5, 2007, the loan proceeds were disbursed to the Marshalls; the deed was executed and delivered to Mohammed; and Mohammed executed and delivered the mortgage (the "Mortgage") and a note (the "Note") to RHF.

10.      On or about the same date, Stewart issued and delivered a Loan Policy of Title Insurance, No. M8832-1011274, to RHF in the amount of $480,000.00 (the "Policy").

11.      Schedule A to the Policy provided that title to the subject premises was vested in Mohammed.  Schedule A also described the Mortgage as the insured mortgage.

12.      The Policy insures the owner of the indebtedness secured by the insured mortgage.

13.      IndyMac purchased the Mortgage, the Note, and its underlying indebtedness for more than $480,000.00 on the secondary mortgage market.  IndyMac now owns this Mortgage loan and no other party has an ownership interest or claim, present and future.

14.     After the purchase, IndyMac learned that the deed to Mohammed was forged.

**Count I**
**Breach of Contract**

15.     IndyMac incorporates paragraphs 1–14 as if fully set-forth herein.

16.     IndyMac is the insured under the Policy.

17.     The Policy provides that Stewart insures against loss or damage, not exceeding $480,000.00, sustained or incurred by the insured by reason of, among other things, (i) the title being vested other than stated in Schedule A thereto and (ii) the invalidity or unenforceability of the lien of the insured mortgage.

18.     Because the deed was forged, the title to the subject premises is vested other than as stated in Schedule A to the Policy. The Mortgage is invalid.

19.     IndyMac had no knowledge of any such defects when it purchased the Mortgage loan.

20.     These defects have not been cured and no efforts to cure them have been made by Stewart.

21.     By reason of those defects, IndyMac sustained loss in an amount exceeding $480,000.00.

22.     Stewart was promptly notified in writing of those defects; and, IndyMac tendered a claim for the loss under the Policy.

23.     Stewart refused to pay the claim and, thereby, breached the insurance contract.

24.     As a result of this breach, IndyMac has been damaged in the amount of $480,000.00.

3

## Count II
## Bad Faith Denial of Coverage

25.    IndyMac incorporates paragraphs 1-24 as if fully set-forth herein.

26.    Stewart had no reasonable basis to deny that IndyMac was a good faith purchaser for value of the Mortgage loan and, thus, was not subject to any defenses that Stewart would have had against RHF.

27.    Stewart denied IndyMac's claim in bad faith without reasonable basis to assert denial.

28.    IndyMac is entitled to reasonable attorney's fees and costs that it incurs in connection with the litigation of its claims against Stewart.

**WHEREFORE**, IndyMac respectfully demands judgment as follows:

1.    On Count I, damages in an amount to be no less than $480,000.00.

2.    On Count II, damages in an amount to be no less than $480,000.00, plus reasonable attorneys' fees and costs incurred.

3.    Any other relief that this Court deems just and proper, together with the costs, disbursements, and attorney's fees incurred in this action.

## Jury Demand

Plaintiff demands a trial by jury.

Dated: New York, New York
      January 24, 2008

FELDMAN WEINSTEIN & SMITH LLP
Attorneys for Plaintiff

By: _____
Eric Weinstein (EW 5423)
David J. Galalis (DG 1654)
Yong Hak Kim (of counsel)
420 Lexington Avenue, Ste. 2620
New York, NY 10170
(212) 869-7000