# Feldman Weinstein & Smith

March 28, 2008

By Hand

Hon. Alvin K. Hellerstein
United States Courthouse
500 Pearl St., Room 1050
New York, NY 10007

**Re:  IndyMac Bank, F.S.B. v. Stewart Title Insurance Company; 08 cv 873 (AKH)
Rule 26(f) Report**

Your Honor:

I am an associate with the law firm of Feldman Weinstein & Smith, attorneys to IndyMac Bank, F.S.B. ("IndyMac") in the referenced action.

Counsel for Stewart Title Insurance Company ("Stewart") and myself conferred pursuant to your Notice of Court Conference and F.R.C.P. 26(f) on March 14 and 28, 2008.

We have come to agreement on all the information entered into the enclosed Civil Case Management Plan.

In addition to the Civil Case Management Plan, in accordance with F.R.C.P. 26(f)(3), the parties agree that:

(A)  <u>26(a) Disclosures</u>

   Shall be made pursuant to the Federal Rules of Civil Procedure.

(B)  <u>Subjects of Discovery</u>

   The purchase of the loan at issue by IndyMac from non-party Residential Home Funding Corporation.

   The basis of Stewart Title's decision to deny IndyMac's insurance claim.

(C)  <u>Electronic Discovery</u>

   The parties agree to produce electronically stored documents in hardcopy.

(D)  <u>Issues Concerning Privilege and Protection</u>

   The plaintiff asks that the court enter the enclosed protective order.

**Feldman Weinstein & Smith LLP** | 420 Lexington Avenue, New York, NY 10170 | T – 212-869-7000  F – 212-997-4242
ATTORNEYS AT LAW | www.feldmanweinstein.com

# Feldman Weinstein & Smith

(E) <u>Changes to the Limitations on Discovery</u>

None.

(F) <u>Other Orders</u>

The plaintiff asks that the court enter the enclosed protective order.

Please note that Stewart counsel was only provided a copy of the enclosed protective order today, and has not yet had time to review its terms. We expect, however, to be able to agree to the terms of a protective order by the time of the Rule 16 Conference on April 4, 2008.

Respectfully yours,

David J. Galalis

enclosures

cc: Counsel for Stewart, by e-mail (enclosures already provided)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                              (Effective 3/1/02)
------------------------------------------------------X
IndyMac Bank, F.S.B.                          :      08 Civ. 873    (AKH)
                                              :
                Plaintiff(s),                 :
                                              :      **CIVIL CASE MANAGEMENT PLAN**
        -against-                             :
                                              :
Stewart Title Insurance Co.                   :
                                              :
                Defendant(s).                 :
------------------------------------------------------X

      After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case (is) (is not) to be tried to a jury. [Circle as appropriate].

B.    Non-Expert Discovery:

    1.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by 10/8/08, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

        a.    The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

    2.    Joinder of additional parties must be accomplished by 8/1/08.

    3.    Amended pleadings may be filed without leave of the Court until 7/9/08.

C. For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D. Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

1. Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule, and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs. The last day for filing dispositive motions shall be __11/10/08__. (Counsel shall insert a date 30 days after the completion date for non-expert discovery.)

    a. There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

    b. Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Rules.

2. Either before or after the motion schedule set out above, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting is __10/22/08__, at __10:00__ a.m. (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.)

3. Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the status and prospects of settlement and whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, a discovery bar date, and any other issue counsel or the Court wish to discuss. The Case Management Conference will be held on _____, at _____.m. (The Court will set this date at the Initial Case Management Conference.)

E. Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected

        by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F.     A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G.    Pre-Trial Motions:

        Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

        SO ORDERED.

DATED:    New York, New York

        _____, 200\_

                                                ALVIN K. HELLERSTEIN
                                                United States District Judge

G:\AKH\Forms\CivilCaseMgmtPlan

# ATTACHMENT A

The Parties are to list the discovery activities (<u>i.e.</u>, production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:

| **DISCOVERY ACTIVITIES** | **COMPLETION DATE** |
|---|---|
| 1. Rule 26(a) Initial Disclosures | 3/28/08 |
| 2. Rule 26(a)(2) | Per FRCP |
| 3. Rule 26(a)(3) | Per FRCP |
| 4. Document Demands, Interrogatories, Requests for Admissions | Served by 5/7/08, Answered by 6/9/08 |
| 5. Depositions (no more than 3 per party) | To take place in July |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

**ATTACHMENT B**

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

1.  **PLAINTIFF'S CLAIMS:**

    The title policy under which IndyMac is claiming insures against losses up to $480,000. IndyMac is not yet certain of the exact value of its loss. A more definite calculation of damages shall be provided by 6/9/08.

2.  **COUNTERCLAIMS AND CROSS-CLAIMS:**

3.  **THIRD-PARTY CLAIMS:**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B., : Case No.: 08 cv 873 (AKH)

    Plaintiff, :

  – against – : **PROTECTIVE ORDER ON CONSENT**

STEWART TITLE INSURANCE COMPANY, :

    Defendant. :

---

**IT IS HEREBY STIPULATED AND AGREED**, by and among counsel for the parties, that:

1. This Protective Order On Consent is entered in order to expedite the flow of discovery materials, to adequately protect material entitled to be kept confidential, to facilitate the prompt resolution of disputes over confidentiality, and to govern the treatment of inadvertently produced attorney-client, work product, or otherwise privileged material.

2. Any party or third party witness or entity in this action ("designating party") shall have the right to designate as "confidential" any document, information, or other form of evidence or discovery the designating party believes, in good faith, embodies, contains, or reflects confidential or proprietary information ("Confidential Discovery Material"). Such documents or things may be designated confidential by placing a clearly legible "confidential" stamp on the document or thing to be so designated. In lieu of marking the original of a document or thing, if the original is not produced, the designating party may mark the copies that are produced, made, or exchanged. The designating party may also redact from documents social security numbers and other private financial information belonging to non-parties, subject to the right of the receiving party to challenge the redaction, as provided herein. Any party, upon

receiving notice of third-party subpoena, may designate any documents or things returned, or to be returned, pursuant to that subpoena, as Confidential Discovery Material.

3. All Confidential Discovery Material, and any information derived therefrom, shall be used solely for the purpose of prosecuting and defending against this litigation and shall not be disclosed except to Qualified Persons or as otherwise provided herein.

4. "Qualified Person" means:

(a) Attorneys of record and attorneys designated as of counsel in this litigation and employees of such attorneys to whom it is necessary that the Confidential Discovery Material be shown for the purposes of this litigation;

(b) Inside counsel of a party working directly on the litigation, including legal staff and support personnel who are working directly on the litigation under the direction of counsel and to whom it is necessary that the Confidential Discovery Material be shown for the purposes of this litigation;

(c) Counsel or other representatives of an insurer paying for the defense or prosecution of the matter to whom it is necessary that the Confidential Discovery Material be shown for the purposes of this litigation;

(d) Testifying and non-testifying expert witnesses, and such other independent persons retained by counsel to furnish technical or expert services, provided such persons have reviewed this Order and signed a copy of the Non-Disclosure Agreement attached to this Order;

(e) The agents and the employees of the parties to whom it is necessary that Confidential Discovery Material be disclosed or shown for purposes of this litigation, provided such persons have reviewed this Order and signed a copy of the Non-Disclosure Agreement attached to this Order;

    (f) Trial witnesses to whom it is necessary that Confidential Discovery Material be disclosed or shown as reasonably necessary to their preparation or as necessary for use at trial, provided such persons have reviewed this order and signed a copy of the Non-Disclosure Agreement attached to this Order;

    (g) Named authors and indicated recipients of the materials;

    (h) Court reporters employed in connection with this matter;

    (i) The Court and any employees of the Court providing assistance in connection with this action;

    (j) Jurors sitting at the trial of the action;

    (k) Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties.

  5. Nothing in this Protective Order shall limit the right of a party to use or disclose documents or information that: (a) was lawfully in its possession prior to its receipt in discovery in this action; (b) was, is, or becomes public knowledge, not in violation of this Order; (c) becomes declassified under this Order; (d) is required to be produced, used, or disclosed pursuant to a discovery request, subpoena, or order in another action or proceeding; (e) is required to be produced, used, or disclosed pursuant to regulatory or other legal requirements; or (f) is required to be produced, used, or disclosed as otherwise required by law; provided, however, that before any disclosure is made under sections (d)-(f) above, advance notice shall be given to the party that produced the Confidential Discovery Material, except to the extent that such notice is prohibited by law, so as to enable that party to seek to object to disclosure.

  6. Counsel may, in the course of deposing a person who is not a Qualified Person, show the witness Confidential Discovery Material and examine the witness concerning such

Confidential Discovery Material, provided that: (a) the witness is informed that the information is confidential and is instructed that such confidentiality must be maintained; (b) the witness has reviewed this Order and signed a copy of the Non-Disclosure Agreement attached to this Order; and (c) no persons are present during those portions of the examination concerning Confidential Discovery Material except the witness, Qualified Persons, Defendant's and Plaintiff's counsel, persons properly present at the request of Defendants or Plaintiff or their counsel, and a court reporter. By executing the Non-Disclosure Agreement and agreeing to be bound by the terms of this Order, the witness does not thereby become a "Qualified Person" as that term is defined herein, and instead is only permitted access to confidential documents or information during examination. Counsel for both parties will insure that witnesses under their control will sign a Non-Disclosure Agreement, as appropriate.

7. Any party which finds it necessary to file in the public record of this action any documents or information which have been designated Confidential shall be permitted to do so to the extent the party uses its best, good faith efforts under the circumstances to file those documents or information in a manner that will not lead to disclosure of the confidential information sought to be protected, such as by redaction or filing under seal, subject to the right of any other party to challenge such efforts.

8. It is not a violation of the terms of this Order to offer any Confidential Discovery Material as evidence at a trial or appeal of the matter herein. Likewise, this Order does not limit or preclude a party from making application to the Court to maintain the confidentiality of evidence proffered or admitted at trial on a case-by-case basis.

9. The inadvertent or unintentional disclosure in this litigation by a party or non-party of its own designated Confidential Discovery Material, regardless of whether the

information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either as to the specific information disclosed or as to any other information.

10. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as confidential, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, at which time the party claiming confidentiality must satisfy the burden of showing good cause for confidential designation. The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Order. This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information or document is, or is not, in fact Confidential Discovery Material.

11. The inadvertent production of any document or thing that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege, or any other privilege or immunity shall not constitute a waiver of the applicable privilege either generally or as to the specific document, provided that the party or non-party that made the inadvertent production, within the earlier of 15 calendar days of being put on notice of such inadvertent production or within 15 calendar days of discovering the inadvertent production, notifies all counsel in writing that the document or thing was inadvertently produced. Upon receiving such notice, the recipient of the inadvertently produced document or thing will promptly return all copies of the document or thing in its possession, custody or control, delete all versions of the

document or thing on any database it maintains, and make no use of the information contained in the document or thing. Nothing herein shall limit or prevent the recipient of inadvertently produced privileged documents or things from challenging the privilege of such documents or things in accordance with the Federal Rules of Civil Procedure, as if such privileged documents or things had been withheld and described as privileged in accordance with the Federal Rules of Civil Procedure.

12. Unless the Court orders otherwise, or the parties hereto agree in writing otherwise, within forty-five (45) days after the conclusion of this litigation, including any appeals, all originals and reproductions of any documents or materials which have been designated and remain Confidential pursuant to this Order, including, without limitation, any notes, summaries, or other transcripts made therefrom, shall be returned to the producing party or non-party, unless such copies have been destroyed and the destruction thereof can be certified by counsel for the party previously in possession of such Confidential Discovery Material. The receiving party shall not make copies of the Confidential Discovery Material, except as necessary for the conduct of the litigation; however, the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential in perpetuity consistent with the terms of this Order. Insofar as this Order restricts the communication and use of the Confidential Discovery Material, the Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the designating party, or further order of the Court, with respect to dissolution or modification of this Order, or any provision thereof.

13. In the event that any party shall violate or threaten to violate the terms of this Order, the aggrieved party may immediately apply to the Court for injunctive relief against any

7

such violation. The parties and any other persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order, notwithstanding any subsequent disposition of this action.

| | |
|---|---|
| **FELDMAN WEINSTEIN & SMITH LLP**<br>Attorneys to Plaintiff IndyMac Bank | **L'ABBATE, BALKAN, COLAVITA & CONTINI, LLP**<br>Attorneys to Defendant Stewart Title Ins. Co. |
| By: _____<br>Eric Weinstein (EW 5423)<br>Yong Hak Kim (of counsel)<br>David J. Galalis (DG 1654)<br>420 Lexington Avenue, Ste. 2620<br>New York, NY 10170<br>(212) 869-7000 | By: _____<br>Richard Metli, Of Counsel<br>1001 Franklin Avenue - 3rd Floor<br>Garden City, New York 11530<br>(516) 294-8844 Ext. 6412 |

SO ORDERED.

DATED: New York, New York

_____

_____
ALVIN K. HELLERSTEIN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDYMAC BANK, F.S.B.,

           Plaintiff,

  – against –

STEWART TITLE INSURANCE COMPANY,

           Defendant.

---

Case No.: 08 cv 873 (AKH)

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order on Consent in this action governing the non-disclosure of Confidential Discovery Material and that I agree to be bound thereby. I agree that I will not disclose such Confidential Discovery Material to anyone other than as provided in the Protective Order on Consent and that at the conclusion of the litigation I will return all Confidential Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order on Consent, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order on Consent could subject me to punishment for contempt of Court.

Dated: _____              _____