UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

INDYMAC BANK, F.S.B.,                                    Case No. 08CV00873 (AKH)

                              Plaintiff,

          -against-                                      **AMENDED ANSWER**

STEWART TITLE INSURANCE COMPANY,

                              Defendant.
-----------------------------------------------------------------X

      Defendant, STEWART TITLE INSURANCE COMPANY ("Stewart"), by its attorneys,

L'Abbate, Balkan, Colavita & Contini, LLP as and for its Answer to the Complaint states as

follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the

statements set forth in paragraphs of the Complaint designated "1", "3", "4", "5", "6", "13", "14",

"19", and "21".

      2.     Denies the truth of the statements set forth in paragraphs of the Complaint

designated "9", "22", "23", "24", "26", "27", and "28".

      3.     Respectfully refers to the court the Policy obligations and legal conclusions called

for by paragraphs "12" "16", and "18" of the Complaint.

4.      Realleges each denial or denial of knowledge of information to the restated paragraphs alleged in paragraphs "15" and "25" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5.      Upon information and belief, plaintiff purchased the Note and Mortgage of Mohammed with knowledge of the alleged defects as to those instruments.

6.      By reason of the foregoing, plaintiff may not recover on the Policy of Insurance issued by defendant to Residential Home Funding Corp. ("RHF").

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.      Upon information and belief, the closing attorney for the Mohammed loan was plaintiff's agent and acted on behalf of plaintiff.

8.      Upon information and belief, the closing attorney for the Mohammed loan caused, created, suffered, assumed, enabled, and permitted the fraud of third parties to be completed.

9.      By reason of the foregoing, plaintiff is not entitled to recover on the Policy of Insurance as alleged in the Complaint.

- 2 -

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10.    Upon information and belief, plaintiff purchased the Note and Mortgage of Mohammed with knowledge of the alleged defects as to those instruments.

11.    Upon information and belief, RHF, in receiving, reviewing, processing, administering and closing the Mohammed loan created, suffered, assumed, enabled and permitted the fraud by third parties.

12.    By reason of the foregoing, plaintiff is not entitled to recover under the Policy of Insurance as alleged in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13.    Prior to the institution of this action, plaintiff never made a claim under the Policy of Insurance sued upon herein.

14.    By reason of the foregoing, in the event plaintiff is found to have sustained a loss covered by a Policy of Insurance issued by defendant, plaintiff is not entitled to damages for Bad Faith.

- 3 -

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15.    Prior to the interposition of this action, plaintiff and defendant were engaged in a dialogue over several months concerning: plaintiff's status as an insured; a "repurchase" of the Note and Mortgage by RHF; the delivery to defendant of documents concerning the relationship of plaintiff and RHF; the funding of the loan; and the assignment of the Mortgage.

16.    Plaintiff commenced this action without first advising defendant that it discontinued a repurchase of the Note and Mortgage and without providing Stewart with the previously requested information and documentation necessary for Stewart's investigation as to the status of plaintiff with respect to the Policy of Insurance.

17.    By reason of the foregoing, in the event plaintiff is found to have sustained a loss covered by a Policy of Insurance issued by defendant, plaintiff is not entitled to damages for Bad Faith.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18.    Pursuant to the Conditions of the Policy sued upon herein, an insured is obligated to make a claim, produce for examination inspection and copying all records that reasonably pertain to the loss or damage.

- 4 -

19.     Defendant, in its dialogue with plaintiff, requested: documentation between plaintiff and RHF; the assignment of the Mortgage; if the loan was table funded by plaintiff; and to whom the funds to purchase the Mortgage were paid and when.

20.     Plaintiff did not provide all of the requested information and did not permit defendant to complete its investigation before commencing this action.

21.     Pursuant to the terms of the Policy, failure of the insured to produce reasonably requested information shall terminate any liability of the defendant under the Policy as to that claim.

22.     By reason of the forgoing, plaintiff may not recover for the loss sued upon herein.

WHEREFORE, it is respectfully requested that the Court dismiss the Complaint in its entirety and for such other and further relief this Court deems just and proper.

Dated: April 7, 2008
        Garden City, New York

                                Yours etc.,


                                L'Abbate, Balkan, Colavita
                                & Contini, LLP
                                Attorneys for Defendant



                                Richard Metli (RM 2588)

- 5 -

1001 Franklin Avenue 3rd Floor
Garden City, New York 11530
(516) 294-8844
File No. 2232-93504

TO:    Feldman Weinstein & Smith LLP
       Eric Weinstein (EW 5423)
       David J. Galalis (DG 1654)
       Yong Hak Kim (of counsel)
       Attorneys for Plaintiff
       420 Lexington Avenue, Ste 2620
       New York, NY 10170
       (212) 869-7000

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2008, I served the Amended Answer in accordance with the Federal Rules of Civil Procedure, and or the Southern District's Local Rules, and/or the Southern District's Rules on Service upon the following parties:

    Feldman Weinstein & Smith LLP
    Eric Weinstein (EW 5423)
    David J. Galalis (DG 1654)
    Yong Hak Kim (of counsel)
    Attorneys for Plaintiff
    420 Lexington Avenue, Ste 2620
    New York, NY 10170
    (212) 869-7000

                                    Richard Metli

Sworn to before me this
7TH day of April, 2008.


Notary Public

**MARIA CUCCURULLO**
**Notary Public, State of New York**
**No. 01CU6081647**
**Qualified in Suffolk County**
**Commission Expires July 7, 2011**